IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CYNTHIA KAY DRAKE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-15-313-R |
| CAROLYN W. COLVIN, Acting Commissioner Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Cynthia Kay Drake (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act.[1] *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 2.

---

[1] The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

After a careful review of the Certified Administrative Record (AR), the parties' briefs, and the relevant authority, the undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings.  *See* 42 U.S.C. § 405(g).

## I. The Commissioner's final decision.[2]

The ALJ applied the prescribed sequential analysis to determine if Plaintiff was disabled within the meaning of the Social Security Act and determined that she:

(1) was severely impaired by depression, lupus, rheumatoid arthritis, and fibromyalgia;

(2) had the residual functional capacity[3] (RFC) to perform work at the light exertional level provided such work did not require her to

    (a) stoop, kneel, or crouch more than occasionally;

    (b) understand, remember, or carryout more than simple work tasks; or

    (c) have extended exposure to the general public;

(3) was able to perform jobs existing in the national economy; and so,

(4) was not disabled.

---

[2] The Commissioner based her final decision on Plaintiff's March 2011 application for disability insurance benefits.  *See* AR 32.

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 404.1545(a)(1).

2

AR 26-32; *see* 20 C.F.R. § 404.1520(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the sequential process).

The Social Security Administration's Appeals Council found no reason to review that decision, and the ALJ's decision became the Commissioner's final decision. AR 6-12.

## II. Analysis of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

### B. Issues framed for review.

Plaintiff raised various claims of error in her brief-in-chief, each underlying her overarching contention that the ALJ's decision fails for lack of

3

a substantial evidentiary foundation. Doc. 21. She claimed the ALJ failed to develop the record on her behalf; argued that new and material evidence submitted to the Appeals Council supports a favorable decision; and faulted the ALJ's credibility findings. *Id.* at 9-16.[4]

Nonetheless, Plaintiff did not – and could not – point directly to the specific error the undersigned concludes requires reversal, with remand, of the Commissioner's final decision. As explained below, this was so because the dispositive error did not fully appear of record until the Commissioner supplemented the record in response to Plaintiff's brief.

1. **Plaintiff's brief and arguments.**

Plaintiff – pro se at her administrative hearing, AR 39, and now represented by counsel, Docs. 5, 19, – pointed first to the ALJ's failure to obtain additional records from her treating physician, Robert M. Love, M.D., and claimed this failure to develop the record on her behalf was error. Doc. 21, at 9-10. Plaintiff noted that "[w]hen the ALJ determined [her] RFC, he gave 'no weight' to the opinion from treating physician Dr. Love that [she] was disabled (Tr. 30)" and "[i]nstead . . . stated that he 'generally concur[red]' with the opinions from the non-examining state agency medical consultants (Tr. 30)." *Id.* at 9. Significantly, Plaintiff argued,

---

[4] Citations to the briefs reflect this Court's CM/ECF designation and pagination.

> The ALJ's purported reliance on the non-examining sources is particularly egregious here. The only report from a non-examining consultant in the record is from Donald Baldwin, M.D., who reviewed the file on March 14, 2012 (Tr. 344). Dr. Baldwin stated that he "affirmed" an earlier assessment regarding [Plaintiff's] functioning that was completed on September 19, 2011. *Id.* However, this earlier report is not part of the evidentiary record. Therefore, it is unknown if the earlier opinion was from an acceptable medical source, what the limitations were from that source, or even what evidence, if any, the earlier opinions were based on. Without this evidence, it is impossible for this Court to make a conclusion that the ALJ's RFC is based on substantial evidence in the record.

*Id.* at 10-11 (footnote omitted).

### 2. The Commissioner's supplemental certification and response brief.

Before responding to Plaintiff's brief, the Commissioner filed a supplemental certification of the administrative record in order to belatedly include a September 19, 2011 functional assessment by Kenneth Wainner, M.D. Doc. 28; AR 419-26. She then submitted her response brief and explained "that Dr. Wainner's assessment was supplementally certified as part of the administrative record after Plaintiff filed her opening brief, in which she contested the absence of such record." Doc. 29, at 7 n.9. The Commissioner further stated:

> Here, Kenneth Wainner, M.D., and Donald Baldwin, M.D., state agency physicians, concluded that Plaintiff retained the physical capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk two hours and sit about six hours in an eight-hour day; push/pull within her lifting capacity; climb ramps/stairs, stoop, kneel, crouch, and crawl occasionally;

5

balance frequently; and perform work not requiring any ladder/rope/scaffold climbing (Tr. 420-423, 344), a range of light work.

*Id.* at 6.

In addition, the Commissioner supported the ALJ's decision to give no weight to treating physician Love's total disability opinion. *Id.* at 8-10. And, she defended the ALJ from Plaintiff's challenge to his "reliance on the non-examining sources . . . ."[5]:

> Contrary to Plaintiff's suggestion that these opinions did not constitute substantial evidence because the physicians did not examine her (Plaintiff's Brief at 9), while weighed by stricter standards regarding medical evidence, qualifications, and explanations than treating physicians due to the lack of treatment relationship, state agency medical and psychological consultants are experts in disability programs and evaluation of the medical issues in disability claims under the Act, their opinions must be considered, and in appropriate circumstances, opinions from state agency consultants may be entitled to greater weight that the opinions of treating or examining sources. *See* S.S.R. 96-6p, 1996 WL 374180, at *2-3. *See also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (non-examining physician is acceptable medical source whose opinion ALJ is entitled to consider). These opinions were supported by favorable objective medical findings discussed above. These opinions were also supported by Plaintiff's spouse's report that Plaintiff's condition did not affect her ability to stair climb (Tr. 154).

*Id.* at 6-7 (footnotes omitted). Referring to Drs. Wainner and Baldwin's "more restrictive standing/walking limitation," the Commissioner also recognized

---

[5] Doc. 21, at 10.

the ALJ did not *fully* adopt the limitations that Dr. Wainner, AR 419-26, assessed and that Dr. Baldwin, *id.* at 344, later affirmed. Doc. 29, at 7.

### C. The ALJ committed reversible error.

#### 1. Supplemental certification of Dr. Wainner's functional assessment.

The Social Security Act provides that "the Commissioner . . . shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). "Court review of the [Commissioner's] denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the [Commissioner] as required by 42 U.S.C. § 405(g)." *Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970). "It is not a trial de novo" and "[t]he court is not at liberty to consider evidence not in the record certified by the [Commissioner.]" *Id.*

Here, by Supplemental Certification and acting through a Social Security Administration official, the Commissioner "certif[ied] that the document annexed hereto is a true copy of the initial state agency RFC assessment by Dr. Wainner dated September 19, 2011, which was not available when the administrative record in the case of Cynthia Kay Drake was certified on May 21, 2015." Doc. 28, at 1. Then, in her response brief, the Commissioner explained the purpose of the supplemental certification

7

process, noting her "obligation to ensure a complete administrative transcript," enabling her to "often correct omissions therefrom . . . ." Doc. 29, at 7 n.9.[6]

The Social Security Administration's HALLEX[7] contains guidelines for the supplemental certification process and specifically endorses its utilization for "material that was not available when the original [record] was prepared." HALLEX § I-4-1-58.[8] So, the Commissioner has now certified that a document, Dr. Wainner's eight-page Physical Residual Functional Capacity Assessment, was part "of the record including evidence upon which the findings and decision complained of are based," 42 U.S.C. § 405(g), and that the assessment was not in the originally certified record simply because it "was not available" at the time the original record was prepared. Doc. 28.

That said, the absence of an expected indicator that Dr. Wainner's eight-page Physical Residual Functional Capacity Assessment was part of the

---

[6] In addition, the Commissioner stated she "has no objection to Plaintiff's responding to the substance of [Dr. Wainner's] report in her reply brief in this case." Doc. 29, at 7 n.9. Plaintiff did not exercise her option to file a reply brief. *See* Doc. 9, at 1.

[7] "[T]he Hearings, Appeals and Litigation Law manual . . . provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels." HALLEX § I-1-0-1. *See* (https://www.ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html (last accessed Mar. 9, 2016).

[8] *See* https://www.ssa.gov/OP_Home/hallex/I-04/I-4-1-58.html (last accessed Mar. 9, 2016).

8

record before the ALJ is anomalous. The List of Exhibits in the ALJ's hearing decision does not document the assessment. AR 21-36.[9] Similarly, it does not appear from the transcript of Plaintiff's administrative hearing that the assessment was admitted into evidence. *Id.* at 37-55.

Nonetheless, the Commissioner is affirmatively aware of her legal obligations regarding evidentiary documents and certification. *See* HALLEX § I-4-1-54 ("Section 205(g) of the Social Security Act provides that when an individual files a civil action for review of a final Social Security Administration decision, ' . . . the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.'").[10] The Commissioner, who told the court about her "obligation to ensure a complete administrative transcript" and her ability to "often correct omissions therefrom," Doc. 29, at 7 n.9, originally "certifie[d] that the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to this case." AR 8. She then, by supplemental certification, included Dr. Wainner's Physical Residual Functional Capacity

---

[9] The Court Transcript Index in the original record, AR 8, Att. 1, at 1, includes the List of Exhibits as part of the ALJ's decision.

[10] *See* https://www.ssa.gov/OP_Home/hallex/I-04/I-4-1-54.html (last accessed Mar. 9, 2016).

Assessment as part of the record, explaining that the document was not available when she originally certified the record. *Id*. at 28. As such, Dr. Wainner's functional assessment of Plaintiff, *id.* at 419-26, is now part of the record in this case.

### 2. The ALJ erred in failing to address opinion evidence.

The two state agency medical consultants, Drs. Wainner and Baldwin, found Plaintiff had a limited capacity to stand and/or walk, opining she could do so for at least two hours in an eight-hour workday. *Id*. at 420, 344. The ALJ, on the other hand, determined Plaintiff retained the capacity for light work.[11] *Id.* at 28. Then, at step four, he found Plaintiff was unable to perform her past relevant work, and he proceeded to step five where he relied on a vocational expert's [VE] testimony that, given Plaintiff's capacity for light work with various non-exertional limitations, she could perform certain work in the national economy and, therefore, was not disabled under the Social Security Act. *Id*. at 30-32. In doing so, the ALJ – who "generally concur[red]" with "the opinion of the State agency medical consultants," *id.* at

---

[11] "[A] job is in th[e light] category when it requires *a good deal of walking or standing*, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567 (emphasis added).

10

30, – never addressed (or acknowledged) the standing and/or walking limitation imposed by the two consultants. *Id.* at 30-32.

A state agency medical consultant's opinions, as the Commissioner specifically admits, "must be considered." Doc. 29, at 7; *see* SSR 96-6p, 1996 WL 374180, at *2 ("[ALJs] are not bound by findings made by State agency . . . physicians . . . , but they may not ignore these opinions and must explain the weight given to the opinions in their decisions."). And, as a general rule, while an ALJ is not expected to discuss every piece of evidence of record, he must discuss "any uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

The Commissioner does not claim the standing and/or walking limitation the State experts assessed was other than highly probative of Plaintiff's ability to perform light work. Doc. 29. Nor does she deny that the ALJ completely ignored – or tacitly rejected – this particular opinion evidence. *Id.* Instead, she only supplies post hoc, conclusory reasons why the ALJ would have been justified in so doing. *Id.* at 7.

And, here, in light of the VE's testimony on Plaintiff's examination – "in the jobs I've described there's a chance you'd need to walk up to six hours in an eight-hour day"; "[i]f an individual is limited to noly [sic] standing or walking one or two hours a day, that's going to eliminate all those jobs I

11

described," AR 52, – the ALJ's error in failing to address the standing and/or walking limitation imposed by the two State medical consultants is clearly not harmless.

**III. Recommendation and notice of right to object.**

The undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by March 31, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 11th day of March, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE